B-18-200

# MOTION UNDER 28 U.S.C. § 2255(F)(3) TO VACATE, SET ASIDE. OR CORRECT

### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Souther of Texas, Brownsville | |
|---|---|---|---|
| Name *(under which you were convicted):* Valentin Maldonado Alameda | | | Docket or Case No.: Civil # 1:17-57, Cri-B:14-465 |
| Place of Confinement: Adams County CC | | Prisoner No.: 24820-179 | |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* | |
| | V. | Valentin Maldonado Alameda | |

### MOTION

United States District Court
Southern District of Texas
FILED

DEC 0 3 2018

David J. Bradley, Clerk of Court

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    U.S. District Court
    Souther District of Texas
    600 E Harrison St, Suite 102,  Brownsville, Texas, 78520

    (b) Criminal docket or case number (if you know):  civil 1:17-57, Crim B-14-465-1

2.  (a) Date of the judgment of conviction (if you know):  5/29/2014

    (b) Date of sentencing: 

3.  Length of sentence:  78 months

4.  Nature of crime (all counts):

    8 U.S.C. 1326(A) and 1326(B) being found in the United States after previous deportation.

5.  (a) What was your plea?  (Check one)

    (1) Not guilty ☐        (2) Guilty ☑        (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have?  (Check one)      Jury ☐      Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ☑

8.  Did you appeal from the judgment of conviction?      Yes ☐      No ☑

AO 243 (Rev. 01/15)                                                                                                    Page 3

9.   If you did appeal, answer the following:

   (a)  Name of court: _____

   (b)  Docket or case number (if you know): _____

   (c)  Result: _____

   (d)  Date of result (if you know): _____

   (e)  Citation to the case (if you know): _____

   (f)  Grounds raised:

   _____

   (g)  Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

        If "Yes," answer the following:

        (1)  Docket or case number (if you know): _____

        (2)  Result: _____

        _____

        (3)  Date of result (if you know): _____

        (4)  Citation to the case (if you know): _____

        (5)  Grounds raised:

        _____

10.   Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
       Yes ☐     No ☑

11.   If your answer to Question 10 was "Yes," give the following information:

   (a)  (1)  Name of court: _____

        (2)  Docket or case number (if you know): _____

        (3)  Date of filing (if you know): _____

        (4)  Nature of the proceeding: _____

        (5)  Grounds raised: _____

        _____

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐     No ☐

    (7)  Result: _____

    (8)  Date of result (if you know): _____

  (b) If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court: _____

    (2)  Docket of case number (if you know): _____

    (3)  Date of filing (if you know): _____

    (4)  Nature of the proceeding: _____

    (5)  Grounds raised:

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐     No ☐

    (7)  Result: _____

    (8)  Date of result (if you know): _____

  (c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:     Yes ☐     No ☐

    (2)  Second petition:  Yes ☐     No ☐

  (d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.    For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

AO 243 (Rev. 01/15)

**GROUND ONE:** Ineffective assistances of counsel

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See Attachment Memorandum 2255(f)(3)

(b) **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

Rarely are ineffective claims available on direct appeal

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):


_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




_____

**GROUND TWO:**   _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Please refer to attachment memorandum 2255(f)(3)







(b)  **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:


(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Please refer to attachment memorandum

_____

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐      No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):


    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐      No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐      No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐      No ☐


    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Please refer to attachment memorandum

(b)  **Direct Appeal of Ground Four:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐      No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

AO 243 (Rev. 01/15)                                                                                                   Page 11

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a)  At the preliminary hearing:
Counselor of Record

(b)  At the arraignment and plea:
Counselor of Record

(c)  At the trial:
Counselor of Record

(d)  At sentencing:
Counselor of Record

(e)  On appeal:
Counselor of Record

(f)  In any post-conviction proceeding:
In pro per

(g)  On appeal from any ruling against you in a post-conviction proceeding:

in pro per

16.   Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☐          No ☑

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b)  Give the date the other sentence was imposed: _____

(c)  Give the length of the other sentence: _____

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Pursuant to 28 U.S.C. § 2255 (f)(3) rules and procedures, this filing is TIMELY based on the fact that is has been filed withing the Supreme Court decision.

AO 243 (Rev. 01/15)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                                                    Page 13

Therefore, movant asks that the Court grant the following relief:

I, the Movant am intitled to relief under 28 U.S.C. § 2255.(f)(3)  I ask the court to vacate my conviction, and fix my
sentence accordingly.

or any other relief to which movant may be entitled.

Valentin Maldonado Alameda
Signature of Attorney (if any)
PRO-SE - AFFIANT

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
                                                                          (month, date, year)

Executed (signed) on _____*11 - 28 - 2018*_____  (date)

Valentin Maldonado Alameda
Signature of Movant
PRO-SE - AFFIANT

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Valentin Maldonado Alameda
Reg No. 24820-179
Adams County CC
P.O. Box 1600
Washington MS  39190
PRO SE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNVILLE DIVISION

| | | |
|---|---|---|
| Valentin Maldonado Alameda | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | Case No. 1:17-CV-57 |
| v. | ) | Criminal No. B:14-465-1 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM WITH POINTS AND AUTHORITIES IN SUPPORT OF § 2255(f)(3) PETITION

COMES NOW, petitioner, Valentin Maldonado Alameda acting in pro per (Pro se), respectfully submits this Memorandum With Points and Authorities in Support of ATTACHED § 2255(f)(3) Petition. Pursuant to 28 U.S.C. § 2255.(f)(3)  Petitioner further prays that this Court construe this pleading liberally in light of **Haines v. Kerner,** 404, U.S.  519, 520-21 (1972), holding that, "pro-se litigants are to be held to a lesser standard of review that lawyers who are formerly trained in the law, and are entitled to a liberal construction to a their pleadings."

### FACTS

1.  Petitioner is currently incarcerated at the Adams County Correction Center

2.  Petitioner is serving a 78 months term of imprisonment after pleading guilty to being found in

the US. After previous deportation in violation 8 U.S.C. § 1326(a) and 1326(b).

3.  I was sentenced on ~~November 2018~~ *v.-m.-A* December 19, 2014

## Section 2255(f)(3)

This motion focused on the following alternative method for determining when the statute of limitations starts to run: "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C ⊏ 2255(f)(3).

## GROUND 1

I request to this court to reconsider its decision in **United States v. Gonzales-Longoria**, 831 F.3d 670 (5th Cir 2016), in light of the Supreme Court's decision in **Johnson** and **Session v. Dimaya**, 584 U.S. -----, No. 15-1498 (April 17, 2018). Because the Supreme Court held in **Sessions** that 18 U.S.C. § 16(b)(2) is unconstitutional and violates the Due Process Clause, the sentencing enhancement under 8 USC § 1326(b)(2) for an alleged prior conviction for an aggravated felony qualifying under the § 16(b) definition of "crime of violence" incorporated in 8 USC § 1101(a)(43)(F) is unconstitutional.

In this case , the district court committed reversible pain error by sentencing Mr Maldonado Alameda under 8 U.S.C. 1326(b)(2) based on this determination that his prior to his two prior crime of violence conviction Mr. Maldonado Alameda in 1991 he is involve in state conviction for aggravated assault of a police officer and a 1995 conviction for aggravates assaults qualified as an conviction for a "crime of violence" under 18 U.S.C. § 16 and thus was an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F).    This court should exercise its discretion to correct plain error and correction of the judgment.

Mr Maldonado Alameda's prior offense of aggravated assault does not met the "has an element"

test in   § 16(a) because it did not require as an element the intentional use of physical force in committing the offense.  The PSR shows that Mr. Maldonado Alameda was convicted on February 19, 1991 he was convicted of aggravated assault on a peace officer in 105th district  court of Nueces County Texas, he was sentenced to (7) years custody, suspended for seven (7) years probation,  on September 18, 1995,  the defendant, probation terms revoked and he was sentenced to 7 years custody. However, the course of the struggle, the defendant kicked the arresting officer (accidentally) on the left of the officer;s  face the defendant provided police officer with a voluntary confession as to his involvement in this incident.  On September 18, 1995 the  defendant was convicted of aggravated assault  in the 105th District on Nueces County Texas he was sentenced to 7 years  and deported to Mexico on April 29, 2010.

The PSR and this court apparently concluded that appellant's  Texas conviction for aggravated assault qualified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F).  Because **Session v. Dimaya** held that § 16(b) "produces more unpredictability and arbitrariness that the Due Process Clause tolerates" (slip op. At 24) (quoting **Johnson v.. Unites States,** 576 U.S. --- 135 S.Ct. 2551 (2015)), imposing a sentence under § 1326 (b)(2) based on an alleged prior conviction for a "crime of violence" under § 1101(a)(43)(F) and 16(b) is unconstitutional

Because Mr. Maldonado Alameda prior conviction for Texas aggravated assault does not qualify as an "aggravated felony" under any other part of § 1101(a)(43), Mr Maldonado Alameda respectfully request this court corrected the plain error following **Session v. Dimaya,** and corrected the judgment.


## GROUND 2

Due to the fact that I had prior felonies on my record, my base offense level was 8 which pursuant to U.S.S.G. § 2L1.2(B)(1)(A)(ii),  is incorrect.  Indeed the drastic and incorrect level increase in my base level ultimately resulted in a significant increase  in my base level and resulted in a an

incorrect adjusted offense level of 16.   These calculations ultimately resulted in my 78 months

sentence which not only is extreme, but also incorrect.   The fact that my prior felonious convictions can

be used to adjust my sentence is unconstitutional.

## RELEIF REQUESTED

For these reason I the movant am entitled to relief under 28 U.S.C.  § 2255(f)(3).  Because i was

sentenced under unconstitutional statute,   Valentin Maldonado Alameda sentence should be vacated

and the case remanded for re-sentencing, See **Hicks v. Oklahoma,** 447 U.S. 343 (1980) (sentencing

under unconstitutional statute violate due process

Date _____

Valentin Maldonado Alameda
Reg No. 24820-179
Adams County CC
P.O. Box 1600
Washington MS  39190

Valentin Maldonado Alameda
Reg 24820-179
Adams County CC
P.O. Box 1600
Washington MS  39190


November 28, 2018


U.S District Court
Southern District of Texas (Brownsville)
Office of the Clerk
600 E Harrison St, Suite 102
Brownsville Texas,  78520

      RE:     Case No.  Civil No. 1:17-57, Criminal B:14-465-1
              Attached § 2255 f(3) Petition


      Dear Clerk of the Court

      Respectfully I submit this letter in regard to the abode cited Case No. and enclosed § 2255 f(3) Petition to Vacate, Set, Aside or Correct my sentence, pursuant to 28 U.S.C. § 2255(f)(3).

      Upon receipt of this packet, could you please file and send me a copy of a current Court Docket that shows that my petition has been filed and with the NEW CV" number.

      I appreciate your valued time and help with this pertinent matter.
      Should you have any further question and/or concern, please feel free to contact me.  I look forward to your prompt response.  God Bless you in all your endeavors.  Thank you again.




                          Sincerely,


                          Valentin maldonado alameda
                          Valentin Maldonado Alameda

Case No: Civil No: 1:17-57,
Maldonado - Alameda
820-179   Criminal B:14-465-1
county cc
600
MS 39190

B-18-200

Dear Clerk of the Court.
U.S District Court
Southern District of Texas
600 E Harrison St.

FRI 30 NOV 2018 PM

AUSTIN TEC TX 78710

USA
USA
USA
USA
USA