United States District Court
Southern District of Texas
**ENTERED**
December 04, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VALENTIN MALDONADO-ALAMEDA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-200 |
| | § | Criminal No. B:14-465-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 3, 2018, Petitioner Valentin Maldonado-Alameda filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

Maldonado-Alameda seeks relief pursuant to the retroactive application of a recent United States Supreme Court decision. This is Maldonado-Alameda's second § 2255 petition and he failed to obtain authorization from the Fifth Circuit to file this petition. Because that authorization is a necessary predicate to consideration of the claim in this Court, this Court lacks jurisdiction to consider Maldonado-Alameda's petition. Accordingly, the Court recommends that Maldonado-Alameda's motion be transferred to the Fifth Circuit Court of Appeals – the Court with proper jurisdiction to consider the application – for determination as to whether authorization for a successive habeas petition should be granted.

**I. Procedural and Factual Background**

On June 17, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Maldonado-Alameda for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Maldonado-Alameda, Criminal No. 1:14-465-1, Dkt. No. 6 (hereinafter "CR").

---

[1] While the indictment alleged that Maldonado-Alameda had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

**A. Re-Arraignment**

On July 8, 2014, Maldonado-Alameda appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 11.

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Maldonado-Alameda's guilty plea. CR Dkt. No. 11.

On October 16, 2014, the District Judge adopted the report and recommendation, accepting Maldonado-Alameda's plea of guilty. CR Dkt. No. 25.

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Maldonado-Alameda was assessed a base offense level of eight. CR Dkt. No. 20, pp. 4-5. He was also assessed a 16-level enhancement for two prior crime of violence convictions – a 1991 state conviction for aggravated assault of a police officer and a 1995 conviction for aggravated assault. Id. He was given a three-level reduction for acceptance of responsibility. Id. Thus, Maldonado-Alameda was assessed a total offense level of 21. Id.

Regarding his criminal history, Maldonado-Alameda had six adult criminal convictions and was assessed 14 criminal history points, resulting in a criminal history category of VI. CR Dkt. No. 20, pp. 5-11. A base offense level of 21 and criminal history category of VI, produced a sentencing guideline imprisonment range of 77 to 96 months.

On December 16, 2014, Maldonado-Alameda was sentenced to 78 months of incarceration, three years of supervised release, and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 29. The judgment was entered on December 19, 2014. Id.

**C. Direct Appeal**

Maldonado-Alameda timely filed a notice of direct appeal. CR Dkt. No. 31. On direct appeal, Maldonado-Alameda's appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). CR Dkt. No. 29. On December 15, 2015, the Fifth Circuit granted appellate counsel's motion to withdraw and dismissed Maldonado-Alameda's appeal,

finding that it contained no nonfrivolous issues for appellate review. Id.

Neither the Fifth Circuit docket, nor the Supreme Court docket, reflect the filing of a petition for a writ of certiorari with the Supreme Court of the United States. Therefore, Maldonado-Alameda's conviction became final on March 14, 2016, when the time for filing such a petition expired. Clay v. U.S., 537 U.S. 522, 532 (2003).

**D. First Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On March 8, 2017, Maldonado-Alameda timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Maldonado-Alameda v. U.S., Civil No. 1:17-57, Dkt. No. 1. Maldonado-Alameda argued that the definition of "crime of violence" used in the sentencing guidelines is void for vagueness, under the rationale of Johnson v. U.S., 135 S.Ct. 2551 (2015). Id.

On April 25, 2017, the undersigned issued a report and recommendation, which recommended that the petition be denied, because the argument was foreclosed by the Supreme Court's decision in Beckles v. U.S., __U.S.__, 137 S. Ct. 886, 890 (2017). Maldonado-Alameda v. U.S., Civil No. 1:17-57, Dkt. No. 6. On May 24, 2017, the District Judge adopted the report and recommendation, dismissing the petition. Id, Dkt. No. 10.

**E. Second Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On December 3, 2018, Maldonado-Alameda filed the instant petition. Dkt. No. 1. Maldonado-Alameda argues that his sentence was illegally enhanced based upon a finding that he committed crimes of violence, as defined by 18 U.S.C. § 16(b)(2). Id. Maldonado-Alameda asserts that because § 16(b)(2) was held to be unconstitutionally vague by the Supreme Court in Sessions v. Dimaya, 584 U.S. —, 138 S.Ct. 1204, 1210 (2018), any enhancements based on his prior convictions are invalid. Id.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the Court clearly lacks jurisdiction to consider the petition, the Court has not ordered the Government to file a response.

**II. Applicable Law**

Maldonado-Alameda seeks relief under 28 U.S.C. § 2255. Dkt. No. 1, p. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A second petition is barred under this rule, unless it has been certified by the court of appeals. That language provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2).

In turn, 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section <u>is filed in the district court</u>, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added). Thus, "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the appeals] court has granted the petitioner permission to file one." <u>U.S. v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000).

4

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Maldonado-Alameda's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

**A. Successive Petition**

The question before the Court is a straightforward one: is Maldonado-Alameda's instant petition considered a second or successive petition?  Because the answer is yes, this Court lacks jurisdiction over such claims without a prior order of the Circuit Court.

When a petitioner files a second or subsequent habeas petition attacking the same judgment of conviction that was attacked in the first petition, the second or subsequent petition is considered to be a successive petition. See Hardemon v. Quarterman, 516 F.3d 272, 275-76 (5th Cir. 2008) ("to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction.") (quoting Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003)).  The instant petition attacks the same judgment of conviction as the first habeas petition filed by Maldonado-Alameda.  Under the broad rule of Hardemon, it is a successive petition.

Maldonado-Alameda has failed to demonstrate that he has obtained an order from the Fifth Circuit.  For that reason, the Court lacks jurisdiction to consider the petition and the case should be transferred to the Fifth Circuit Court of Appeals.

### B. Retroactive Supreme Court Decision

Maldonado-Alameda argues that his petition is based on a new rule of constitutional law that was made retroactive on collateral review by the Supreme Court.

As relevant here, it is clear that petitions premised upon "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court)" constitute successive petitions. Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009) (parentheses original).[2] Indeed, the relevant statute categorizes a second habeas petition to be one based on new rules of constitutional law. See 28 U.S.C. § 2244(B)(2)(A) (stating that "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

This holding does not prohibit Maldonado-Alameda from pursuing this claim. In certain circumstances, successive claims are permitted, but only after obtaining the Circuit Court of Appeals' permission. 28 U.S.C. § 2244(b)(3)(A). In the absence of that authorization, the district court lacks jurisdiction to hear the case. Key, 205 F.3d at 774. That is the case, here.

Maldonado-Alameda has not identified, and the Court has not found, any authorization from the Fifth Circuit allowing Maldonado-Alameda to file his claim in this Court. Absent such an authorization, this Court lacks jurisdiction – irrespective of the proffered theory for review – to hear Maldonado-Alameda's claim. Thus, the Court is precluded from considering the merits of Maldonado-Alameda's claim.

### C. Transfer

In order to expedite consideration of Maldonado-Alameda's claims, the Court should transfer his petition to the Fifth Circuit Court of Appeals for consideration of whether he has

---

[2] Leal Garcia was a § 2254 habeas case; the Fifth Circuit has held that the same "second or successive" analysis applies to both § 2254 and § 2255 petitioners. In re Parker, 575 F. App'x 415, 417 n. 2 (5th Cir. 2014) (unpubl.) (citing In re Lampton, 667 F.3d 585, 588 (5th Cir. 2012)).

made a prima facie case for habeas relief. See In re Epps, 127 F.3d 364, 364-65 (5th Cir. 1997) (discussing the procedure for transferring successive habeas petitions). Maldonado-Alameda's claim is based on the Supreme Court's decision in Dimaya. Dkt. No. 1. Maldonado-Alameda must file his petition within one year of the Supreme Court's decision. 28 U.S.C. § 2255(f)(3). Dimaya was decided on April 17, 2018. Dimaya, 138 S. Ct. 1204. If this Court dismissed Maldonado-Alameda's petition, there is a distinct possibility that any petitions filed in the Fifth Circuit would be untimely filed. In order to avoid that scenario, the Court should transfer the petition to ensure that it is considered on its merits.

## IV.  Recommendation

It is recommended that Petitioner Valentin Maldonado-Alameda's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **TRANSFERRED** to the Fifth Circuit for consideration as a successive habeas petition, pursuant to In re Epps, 127 F.3d 364, 364 (5th Cir. 1997).

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on December 4, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge